# Staunton.

## JOHN SHEPHERD v. COMMONWEALTH.

September 20, 1923.

INTOXICATING LIQUORS—*Alibi—Identity of Accused.*—In a prosecution for transporting ardent spirits, several witnesses for the Commonwealth testified that accused was one of the men who jumped from a car containing ardent spirits and fled when accosted by officers. Accused testified that he was not in the car the night the officers found the whiskey, and introduced witnesses tending to corroborate his testimony.

    *Held:*  That the identity of the accused was a question for the jury, and their finding was conclusive on appeal.

Error to a judgment of the Circuit Court of Lee county.

*Affirmed.*

The opinion states the case.

*Kilgore & Dotson*, for the plaintiff in error.

*John R. Saunders*, Attorney-General, *J. D. Hank, Jr.*, Assistant Attorney-General, and *Leon M. Bazile*, Second Assistant Attorney-General, for the Commonwealth.

WEST, J., delivered the opinion of the court.

John Shepherd was convicted of transporting ardent spirits and sentenced to jail for six months and to pay a fine of $500.00.

His only assignment of error is the refusal of the court to set aside the verdict of the jury and award him a new trial, because the verdict is contrary to the law and the evidence and without evidence to support it.

In May or June, 1920, C. H. Redmond and three other officers who were hunting violators of the prohibition law in Lee county, Virginia, met a car on the Dry Branch road, between nine and eleven o'clock at night, and suspected it was loaded with whiskey. As the car approached them, running about ten miles an hour, one of the officers flashed a bright light in it and all the officers saw the faces of the occupants. The car was "flagged" but immediately increased its speed and ran by them for about 150 yards, where it stopped, and two men jumped out and fled. On being seized the car was found to contain thirty-five gallons of whiskey.

Charles Kirk, a witness for the Commonwealth, who was so close to the car when it passed that he had to jump out of the road to keep it from running over him, testified that he saw the occupant of the front seat very plainly and to the best of his knowledge and belief the accused was the man. Another of the officers, who had known the accused for some time, recognized a party in the car and remarked to one of his companions that the man was John Shepherd. Bud Farmer did not recognize the accused but testified that the driver of the car was hump-shouldered and wore an army shirt. C. H. Redmond testified that he knew John Shepherd, the accused, and believed he was one of the men in the car.

The indictment returned at the September term of court, 1920, charges that the offense was committed on the _____ day of _____, in the year 1920. The exact date the car was captured does not appear from the record. Redmond, a witness for the Commonwealth, testified that it was "one night in May or June, 1920."

The accused, testifying in his own behalf, admitted

he had been driving the car for one, Clarence Marley, but stated he had carried it home and was not in the car the night the officers found the whiskey. He attempted to explain his movements for ten or twelve days after he took the car home, but failed to tell where he was the night the car was seized by the officers. The accused also introduced six other witnesses, whose testimony, if believed, tended to show his whereabouts for ten or twelve days after he claims to have carried the car to the Marley home, but it does not appear that the car was captured on either of the nights referred to in their testimony. Upon a careful reading, the testimony of some of these witnesses appears to be very inaccurate and unsatisfactory. To illustrate: William Marley, father of Clarence Marley, testified in part as follows:

"Q. Do you remember at the time the car was captured if John Shepherd was driving it?

"A. No; the car was at home."

While the exact date the car was captured does not appear, it is certain that it was not "at home" when it was taken charge of by the officers. The garage was not kept locked, and it nowhere appears that the accused could not have been in possession of the car the night the whiskey was found in it.

Upon the foregoing evidence, the identity of the accused was a jury question, and their finding is conclusive here.

The judgment will be affirmed.

*Affirmed.*